[Cite as *State v. Kuck*, 2018-Ohio-3290.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-15 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-233 |
| | : | |
| KLINT P. KUCK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2018.

. . . . . . . . . . .

R. KELLY ORMSBY, Atty. Reg. No. 0020615, Prosecuting Attorney, Darke County Prosecutor's Office, 504 South Broadway, Greenville, Ohio 45331
      Attorney for Plaintiff-Appellee

DWIGHT BRANNON, Atty. Reg. No. 0021657 and MATTHEW SCHULTZ, Atty. Reg. No. 0080142, 130 West Second Street, Suite 900, Dayton, Ohio 45402
      Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Klint Kuck appeals from a judgment of the Darke County Court of Common Pleas denying his petition for post-conviction relief. We find that Kuck's petition, along with its supporting materials, fails to demonstrate substantive grounds for relief. Accordingly, the judgment of the trial court is affirmed.

## I. Procedural History

{¶ 2} Kuck was indicted on two counts of selling or furnishing beer or intoxicating liquor to an underage person in violation of R.C. 4301.69(A), two counts of rape (sexual conduct when the other person's ability to resist or consent is substantially impaired) in violation of R.C. 2907.02(A)(1)(c), and one count of kidnapping in violation of R.C. 2905.01. The charges involve two separate victims and dates.[1] Following trial, he was convicted of both counts of selling or furnishing beer or intoxicating liquor to an underage person, one count of rape, and one count of sexual battery in violation of R.C. 2907.03(A)(2), a lesser included offense of rape. Kuck was acquitted of the kidnapping charge. Following a timely appeal, we affirmed the convictions. *State v. Kuck*, 2016-Ohio-8512, 79 N.E.3d 1164 (2d Dist.).

{¶ 3} On September 30, 2016, while his direct appeal was pending, Kuck filed a petition for post-conviction relief in which he raised thirty-four grounds for relief. On November 30, 2017, the trial court denied the petition. Kuck appeals.

---

[1] For a full discussion of the facts and procedural history of this case, refer to this court's decision in *State v. Kuck*, 2016-Ohio-8512, 79 N.E.3d 1164 (2d Dist.).

## II. Ineffective Assistance of Counsel

{¶ 4} Kuck's first assignment of error states as follows:

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 5} Kuck contends that the trial court should have granted his petition for post-conviction relief because he affirmatively demonstrated that his trial counsel was ineffective. He specifically claims that trial counsel did not provide effective assistance because he failed to have the recorded statements of the victims and other witnesses transcribed, failed to utilize favorable eyewitnesses, and failed to hire a private investigator.

{¶ 6} Post-conviction relief is a collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Murphy*, 10th Dist. Franklin No. 00AP-233, 2000 WL 1877526, * 2 (Dec. 26, 2000). A post-conviction proceeding is a civil proceeding and is controlled by R.C. 2953.21. The statute does not mandate an automatic hearing for every post-conviction relief petition filed with the trial court. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). A post-conviction relief petition may be disposed of by summary judgment, and no hearing is necessary, if the petition and its supporting evidentiary documents do not contain operative facts that would, if proven, establish a substantive ground for relief. *State v. Armstrong*, 56 Ohio App.3d 105, 108, 564 N.E.2d 1070 (1988).

**{¶ 7}** This court reviews the decision of the trial court under an abuse of discretion standard. *State v. Quinn*, 2017-Ohio-8107, __N.E.3d__, ¶ 20 (2d Dist.), citing *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27; *State v. Jordan*, 2d Dist. Montgomery No. 27208, 2017-Ohio-7342, ¶ 10; *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶ 10 (surveying other Ohio appellate districts). A trial court abuses its discretion when its decision demonstrates an attitude that is arbitrary, capricious or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 8}** When a convicted defendant alleges that he has been denied the effective assistance of counsel, he must demonstrate that counsel's performance was so deficient that he was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and that counsel's errors prejudiced him so as to deprive him of a reliable result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In assessing counsel's performance, "an objective review of counsel's performance must be conducted in light of professional norms prevailing when the representation took place." *State v. Herring*, 142 Ohio St.3d 165, 2014–Ohio–5228, 28 N.E.3d 1217, ¶ 68, citing *Bobby v. Van Hook*, 558 U.S. 4, 7, 130 S.Ct. 13, 175 L.Ed.2d 255 (2009); *Strickland*, at 688. "Under the deficient-performance prong, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Herring* at ¶ 68, quoting *Strickland* at 689. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of

ineffective assistance of counsel." *State v. Jordan*, 2d Dist. Montgomery No. 27208, 2017-Ohio-7342, ¶ 21 (Citation omitted). In the context of a petition for post-conviction relief, "the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

{¶ 9} Kuck first contends that trial counsel was ineffective for failing to call two eyewitnesses to testify on his behalf. Each witness would have testified regarding the victim we referred to as "Jane" in our decision on Kuck's direct appeal. Specifically, he claims that Mitch Engle and Michael Brown would have provided testimony favorable to his defense. Affidavits of both men are attached to the petition for relief. In their affidavits, both men aver that they informed trial counsel of the information set forth in their affidavits, but counsel informed them that their testimony would not be needed at trial. Kuck contends that the failure to utilize these witnesses cannot constitute reasonable trial strategy as their testimony would have discredited the claims of the victims. We disagree.

{¶ 10} Counsel's failure to call a witness whose testimony could allow a jury to acquit may rise to the level of ineffective assistance of counsel. *State v. Jenkins*, 2d Dist. Miami No. 2003-CA-1, 2003-Ohio-4428, ¶ 7. However, decisions concerning whether a witness should be called involve trial strategy, and such decisions "will often fall within the range of [presumptively acceptable] trial strategy." *Id.* quoting *State v. Johnson*, 2d Dist. Montgomery No. 16803, 1998 WL 453768, *5.

{¶ 11} Engle's affidavit testimony was, in most respects, consistent with Kuck's trial testimony concerning Jane's interaction with Kuck at the bar and the events which occurred at Kuck's home. Counsel, given this, may have concluded that Engle's testimony was not needed, since he knew that Kuck was going to testify, and that its presentation created the risk, especially during cross-examination, that Engle's testimony would depart from Kuck's anticipated testimony. The decision not to call Engle as a witness may be debatable, but, as noted, a debatable trial strategy decision cannot constitute ineffective assistance of counsel. Engle's second affidavit recounts an encounter he had with Darke County Sheriff's Detective Haws wherein Haws, premised upon Engle's cooperation with Kuck's prosecution, offered Engle leniency in an unrelated matter, and Haws, in the same conversation, suggested that Engle could potentially be charged with aiding and abetting Kuck's conduct. There is no indication in the record that counsel had any knowledge of this encounter. Thus, counsel's failure to present Engle's testimony concerning his interaction with Haws cannot constitute ineffective assistance of counsel. And, even assuming counsel had knowledge of the Engle-Haws interaction, a decision not to call Engle to recount the discussion would not amount to ineffective assistance of counsel. This is so because the Engle-Haws discussion was not directly relevant to that which occurred between Kuck and Jane, and placing Engle on the witness stand to recount the interaction would have allowed cross-examination of all issues which, as already noted, created the possibility that Engle's testimony would not square with Kuck's anticipated testimony.

{¶ 12} Brown's affidavit averred that, during the time he observed Jane, the other victim was not impaired nor served drinks. He also averred that he thought she was

"trouble" because she appeared to be interested in Kuck's wealth. However, Brown did not aver that he watched the victim and Kuck the entire time that they were together. Trial counsel did call numerous other individuals, four of whom also claimed to be eyewitnesses to the events, as witnesses at trial. Thus, counsel may have concluded that Brown's testimony did not add any useful testimony to that of the other eyewitnesses. Therefore, we cannot conclude that Kuck demonstrated counsel was ineffective for failing to utilize Brown and Engle.

{¶ 13} Kuck next contends that counsel was ineffective because he did not cause the statements of the victims, made to the police and recorded on audiotape, to be transcribed. Kuck contends that without a transcription of those statements for use during trial, counsel was not able to conduct an effective cross-examination of the victims. Specifically, he claims counsel was not able to properly impeach the victims.

{¶ 14} Kuck raised this claim in his direct appeal. We addressed the argument and concluded that "[c]ounsel cross-examined both victims at trial using copies of their prior written statements. And parts of the recorded interviews were played during the trial. There is certainly nothing close to a showing here that the jury would have obviously come to different conclusions about Kuck's guilt if only transcripts of some pretrial interviews had been obtained and used." *Kuck*, 2016-Ohio-8512, 79 N.E.3d 1164, ¶ 76 - 81. Since this argument was raised in the direct appeal, it is now barred by the doctrine of res judicata.[2]

---

[2] In *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), the Ohio Supreme Court explained that "[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which

**{¶ 15}** Kuck attempts to overcome the res judicata bar by including the transcripts of both victims' audio statements as exhibits to his petition. However, this does not change our analysis of his argument. It is clear from a review of the trial record that counsel had his own notes regarding what was said by the victims during the audiotaped interviews, and that counsel used these notes during cross-examination. Further, with regard to one victim, counsel used the audio recording to aid in his cross-examination. There is nothing contained within the transcripts of the victims that would compel a finding of ineffective assistance of counsel. Thus, we conclude that the trial court did not err in finding that this claim lacked merit.

**{¶ 16}** Next, Kuck raises the same argument with regard to other witnesses whose statements were not transcribed by trial counsel for use at trial. Specifically, he states that "the State provided trial counsel with approximately twenty-two recordings taken during law enforcement interviews with potential witnesses. Trial counsel failed to prepare these recorded statements for use at trial by having them transcribed. Upon information and belief, trial counsel failed to even review most of these recordings."

**{¶ 17}** While the petition does contain the generalized self-serving claim that counsel did not review the recordings, it is devoid of any evidence to confirm the statement. There are no affidavits containing sworn statements that counsel failed to review the documents. Nor is there any evidence to support a finding that counsel failed to transcribe the statements. Further, even if the statements were not transcribed, the petition does not set forth any operative facts that would cause us to conclude that

___

resulted in that judgment or conviction, or on an appeal from that judgment." *Id.* at 113.

counsel's representation was adversely affected. In short, there is nothing in this record or in the post-conviction petition and attached exhibits that would support the conclusion that counsel was ineffective in this regard.

{¶ 18} Finally, Kuck contends that counsel was ineffective because he failed to hire a private investigator. Again, we find nothing in the petition or its exhibits that would support this claim. Kuck did not execute an affidavit in support of the petition, and there was no other evidence to support a claim that counsel did not, in fact, utilize a private investigator. Further, even if counsel failed to hire an investigator, we cannot conclude that he was ineffective. The record shows that counsel submitted a witness list of 46 witnesses. He also submitted a list of six exhibits for use at trial. Clearly, this indicates that counsel investigated the case. While Kuck did attach the affidavit and report of an investigator who investigated the case for purposes of the post-conviction motion, there is nothing contained within those documents to support a finding that trial counsel failed to properly investigate the case.

{¶ 19} Kuck failed to demonstrate operative facts that established substantive grounds for relief. Accordingly, the first assignment of error is overruled.

### III. New Evidence

{¶ 20} Kuck asserts the following as his second assignment of error:

IN LIGHT OF THE NEW EVIDENCE ATTACHED TO THE PETITION FOR POST-CONVICTION RELIEF, THE FINDINGS OF GUILTY ON THE CHARGES OF RAPE, SEXUAL BATTERY, AND FURNISHING ALCOHOL TO AN UNDERAGE PERSON WERE AGAINST THE MANIFEST WEIGHT

OF THE EVIDENCE.

{¶ 21} Kuck's second assignment of error addresses, it seems, the second part of the *Strickland* test, the showing of prejudice. However, since Kuck has not demonstrated that trial counsel's representation was deficient, there is no reason to further discuss this assignment of error. Accordingly, Kuck's second assignment of error is overruled.[3]

## IV. Conclusion

{¶ 22} Both of Kuck's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

R. Kelly Ormsby
Dwight Brannon
Matthew Schultz
Hon. Jonathan P. Hein

---

[3] Kuck, on July 23, 2018, filed a document entitled "Supplemental Argument Of Appellant Klint Kuck." The appellate rules make no provision for the presentation of a supplemental argument. Nonetheless, we have reviewed the supplemental argument, but its content does not alter our conclusions.