[Cite as *State v. Moore*, 2018-Ohio-4528.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-392 |
| | : | |
| MATTHEW D. MOORE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 9th day of November, 2018.

· · · · · · · · · ·

PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, 201 W. Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 E. Franklin Street, Centerville, Ohio 45459
        Attorney for Defendant-Appellant

· · · · · · · · · · · ·

DONOVAN, J.

{¶ 1} This matter is before the Court on the April 3, 2018 Notice of Appeal of Matthew D. Moore. Moore appeals from the trial court's judgment entry of conviction, following his guilty plea on one count of aggravated possession of drugs (fentanyl) (less

than bulk amount), in violation of R.C. 2925.11(A)/(C)(1)(a), a felony of the fifth degree. We hereby affirm the judgment of the trial court.

{¶ 2}   Moore was indicted on August 16, 2017; he entered a plea of not guilty and was released on his own recognizance.   The court advised Moore that the conditions of his bond were "that he not leave the State of Ohio, not move from his current address without notifying the court, not use or possess any illegal drugs."   Thereafter, Moore entered his plea of guilty on January 29, 2018.   The following exchange occurred at Moore's plea hearing:

THE COURT:   * * * I'm going to show you a multi-page document.  Do you recognize that as the plea agreement?

MR. MOORE:   Yes.

THE COURT:   * * * Did you read over it?

MR. MOORE:   Yes.

THE COURT:   Did you understand what was stated in it?

MR. MOORE:   Yes, Ma'am.

THE COURT:   Did Mr. Layman [defense counsel] answer any questions you might have?

MR. MOORE:   Yes.

THE COURT:   And did you voluntarily sign your name to the appropriate places?

MR. MOORE:   Yes, Ma'am.

THE COURT:   And Mr. Layman you went over the plea document with your client?

MR. LAYMAN: That's correct.

THE COURT: And is it your belief that he understood everything contained in it?

MR. LAYMAN: It is.

THE COURT: * * * So Mr. Moore, are you satisfied with the advice of Mr. Layman?

MR. MOORE: Yes.

THE COURT: Has he talked to you about your case?

MR. MOORE: Yeah.

THE COURT: Has he done everything that you've asked him to do?

MR. MOORE: Yes Ma'am.

{¶ 3} Moore's "Petition to Enter Plea of Guilty (Felony)" provided: "Based upon the records currently available, it appears to both parties, that Defendant meets the statutory requirements for mandatory community control."

{¶ 4} The court ordered a presentence investigation and set disposition for March 19, 2018. At the sentencing hearing, defense counsel advised the court that Moore "tested positive today on a urine screen for what I understand to be marijuana as well as opiates." Moore advised the court that he "got worried about today * * * and * * * I did a little bit of opiates, and I did a little bit of dope yesterday." The court advised Moore that he had violated the conditions of his bond "by what you tested to today," and further noted that in November 2017, he tested positive for fentanyl in Shelby County. The court indicated that "you were eligible for mandatory community control until this bond violation. So your circumstances have changed for the Court. I don't have to put you on

Community Control." The court further advised Moore that "at this point, you're either looking at [a] prison term or inpatient."

{¶ 5} The following exchange occurred:

THE COURT: So the only option I'm going to give you is inpatient, and that's for six months sir.

MR. MOORE: Inpatient?

THE COURT: Your attorney has told me that that's something you're willing to do. Is that right?

MR. MOORE: Yes Ma'am.

THE COURT: Are you going to do the hard – homework and hard work?

MR. MOORE: Yes. Ma'am.

{¶ 6} Moore and defense counsel executed a "Notification to Defendant Upon Sentencing" that provided in part as follows:

(B) The undersigned defendant in the above-captioned case, being represented by counsel, by signing below does certify that he/she has read this document and further does acknowledge notification, knowledge, and understanding of the following components of sentencing which shall apply if the Court determines at this sentencing hearing that a prison term is not necessary or required in the above-captioned case.

(1) If after the sentencing hearing, the Court determines that a community control sanction should be imposed, the Court shall impose a community control sanction.

* * *

(C) By signing this form, the undersigned defendant acknowledges receiving a copy of this form at the time of sentencing and completely reading it, and acknowledges his/her understanding of the foregoing as a component of any sentence which is imposed by the Court.

(D) The undersigned defense attorney certifies that his/her client has read the foregoing notification, he/she has discussed and explained he ramifications and components of sentencing set forth herein with the undersigned client and that said defendant understands the forgoing sentencing components and ramifications at the time of sentencing.

{¶ 7} The court sentenced Moore to five years of community control and up to three years of discretionary post-release control.  One of the conditions of community control was that Moore must "[s]uccessfully complete the Mon-Day Program with step down to intensive outpatient program at Shelby County Counseling Center and follow all recommendations of both."

{¶ 8} On appeal, Moore asserts two assignments of error.  His first assigned error is as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING MR. MOORE TO SERVE A 6 MONTH PERIOD OF INCARCERATION.

{¶ 9} According to Moore, a "6-month sentence, in a case where Mr. Moore is a first-time felon with an F5 drug conviction, and is no danger to society in general, is not in line with the current sentencing guidelines drafted to reduce sentences for low level

felons. Other minimum means were and remain available, such as EHM monitoring, anger management, and counseling."

{¶ 10} As this Court recently noted:

"R.C. 2953.08(G)(2) is the appellate standard of review for felony sentences." *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 5, citing *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence, or may vacate the sentence and remand the matter to the sentencing court for resentencing, if the appellate court clearly and convincingly finds that the record does not support certain statutory findings made by the sentencing court or that the sentence imposed is contrary to law. *State v. Beverly*, 2d Dist. Clark No. 2015-CA-71, 2016-Ohio-8078, ¶ 9.

*State v. Wiles*, 2d Dist. Clark No. 2017-CA-69, 2018-Ohio-3077, ¶ 7.

{¶ 11} In *Wiles*, the trial court imposed mandatory community control and a six-month jail term, and Wiles asserted that the "the trial court could not impose a jail term for a fourth- or fifth-degree, non-violent offense as a matter of law." *Id.* at ¶ 9.

{¶ 12} This Court determined as follows:

R.C. 2929.13(B)(1) concerns the sentence imposed on an offender who is "convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense." Division (B)(1)(a) of the statute requires the court to "sentence the offender to a community control sanction of at least one year's duration" (provided

that the conditions listed in the division are satisfied). Community control

is required unless one of the situations listed in division (B)(1)(b)[1] exists, in

which case the court has discretion to impose a prison term. * * *

    * * *

    * * * R.C. 2929.13(B)(1)(a) require[s] the court to impose a

"community control sanction." "Serving time in a 'jail' as a part of

community control sanctions," we have said, "is not the same as a prison

sentence." (Citation omitted.) *State v. Williams*, 2d Dist. Montgomery No.

19026, 2002 WL 1332912, *2 (Jun. 14, 2002). "[A] 'jail' sentence is part of

a community control sentence and not a prison sentence." *Id.* Under the

community control statutes, a six-month jail term is a community-control

sanction: a sixth-month jail term is a "community residential sanction," R.C.

2929.16(A)(2), and a community-residential sanction is one form of

community control, R.C. 2929.15(A)(1) (saying that if a prison term is not

required, "the court may directly impose a sentence that consists of one or

more community control sanctions authorized pursuant to section 2929.16

[community-residential sanctions], 2929.17 [nonresidential sanctions], or

2929.18 [financial sanctions] of the Revised Code"). * * *

*Id.* at ¶ 10, 12.

{¶ 13} Due to his bond violation, it was within the court's discretion to sentence

---

[1] R.C. 2929.13(B)(1)(b) provides in part that the "court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if * * * (iii) The offender violated a term of the conditions of bond as set by the court."

Moore to a prison term. The court, however, declined to do so. Pursuant to R.C. 2929.16(A)(1), a "term of up to six months at a community-based correctional facility," such as the MonDay Program, is also a community-residential sanction, like a six-month jail term. In other words, the trial court sentenced Moore to a community control sanction authorized by R.C. 2929.16. Accordingly, his first assignment of error is overruled.

{¶ 14} Moore's second assignment of error is as follows:

MR. MOORE WAS NOT AFFORDED THE EFFECTIVE ASSISTANCE OF COUNSEL RESULTING IN AN UNINFORMED GUILTY PLEA.

{¶ 15} Moore asserts that he was "not advised of the possibility of a 6-month period of incarceration prior to entering his plea. This fact is supported by the record in that even the trial court advised Mr. Moore that this was a mandatory community control case." Moore argues that his trial counsel "was aware that community control could include 6 months of jail or lockdown in the MonDay program, but such advice was not given" to him. Moore also asserts that, as "a lay person," he "was of the belief that he would be released and not required to serve any period of incarceration, but only community control." Finally, Moore asserts that if he had "been fully advised he may have taken the matter to trial, which like many cases could have resulted in an acquittal."

{¶ 16} The following is well-settled:

When a convicted defendant alleges that he has been denied the effective assistance of counsel, he must demonstrate that counsel's performance was so deficient that he was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution,

and that counsel's errors prejudiced him so as to deprive him of a reliable result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In assessing counsel's performance, "an objective review of counsel's performance must be conducted in light of professional norms prevailing when the representation took place." *State v. Herring*, 142 Ohio St.3d 165, 2014-Ohio-5228, 28 N.E.3d 1217, ¶ 68, citing *Bobby v. Van Hook*, 558 U.S. 4, 7, 130 S.Ct. 13, 175 L.Ed.2d 255 (2009); *Strickland*, at 688. "Under the deficient-performance prong, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Herring* at ¶ 68, quoting *Strickland* at 689. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v. Jordan*, 2d Dist. Montgomery No. 27208, 2017-Ohio-7342, ¶ 21 (Citation omitted). * * *

*State v. Kuck*, 2d Dist. Darke No. 2017-CA-15, 2018-Ohio-3290, ¶ 8.

{¶ 17} Moore indicated at his plea hearing that he was satisfied with defense counsel's representation.

{¶ 18} It was Moore's own conduct in using drugs while on bond that removed the possibility of community control supervision without local time at MonDay. Moore's counsel was not required to explain every potential condition of community control. At disposition, the court advised Moore of the consequences of his bond violation, and he

expressed a willingness to participate in an inpatient treatment program for a six-month period. Moore executed the "Notification to Defendant Upon Sentencing" and thereby certified his understanding that, if the court determined that a prison term was not necessary and that a community control sanction should be imposed, the court would impose a community control sanction. Defense counsel further certified that Moore understood the "sentencing components and ramifications at sentencing." As noted above, the trial court sentenced Moore to community control sanctions as authorized by R.C. 2929.16. Moore's assertion that he may have been acquitted had he gone to trial is merely speculative; we have no basis to conclude that defense counsel's performance was deficient or that a trial would have resulted in an acquittal. Since ineffective assistance of counsel is not demonstrated, Moore's second assignment of error is overruled.

{¶ 19} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Paul M. Watkins
Daniel F. Getty
Hon. Jeannine N. Pratt